UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Alker,<br><br>         Plaintiff,<br><br>v.<br><br>Ditech Financial LLC, (formerly known as Green Tree Servicing LLC; and DOES 1-10, inclusive,<br><br>         Defendant. | Civil Action No.: _____<br><br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Michael Alker, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the U.S. District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in Massachusetts and the Plaintiff owns real property and resides in Massachusetts.

## PARTIES

4.     The Plaintiff, Michael Alker ("Plaintiff"), is an adult individual residing in Leominster, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Ditech Financial LLC ("Ditech"), is a California business entity with its headquarters located at 1400 Landmark Towers, 345 St Peter Street, Saint Paul, MN 55102-4404 operating as a mortgage servicer and collection agency, and is a "debt collector" as the term is

defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Defendants and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendants at all times acted by and through one or more of the Collectors (the Doe defendants).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff incurred a financial obligation in the approximate amount of $295,000 (the "Debt") to Bank of America in the form of a home loan (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Defendants Engages in Harassment and Abusive Tactics**

## FACTS

12. Defendants engaged collection agents to drive to the plaintiff's house and engage the plaintiff on at least two occasions on or about July 28, 2015, and again on or about August 11, 2015.

13. The first time the defendants came to the plaintiff's home they parked their car outside the plaintiff's home and a woman exited the vehicle and walked up to the plaintiff's front door and spoke with the plaintiff's wife while a male counterpart sat in the car. The woman asked her if the plaintiff was home and handed Mrs. Alker an envelope. The plaintiff came to the door and told the defendants to leave. The defendant said "I'm going to take a picture of the pool", and began walking around on the property toward the part of the yard where the pool is. Mrs. Alker told the defendant no. The defendant said  "I can do what I want", and something to the effect of "I can take pictures as much as I want", and that "the defendant owned the property".

14. When the plaintiff told the defendants to leave his property another agent of the defendant came out of the car, approached the plaintiff and his wife and began yelling at the plaintiff telling them "why don't you pay your fucking mortgage."

15. The defendant was a large and imposing man and caused the plaintiff and his family to be in fear for their safety and wellbeing.

16. The plaintiff identified himself as a police officer and the male defendant shouted "you just made the biggest mistake of your life". At this point they got in the car and drove to the end of the cul de sac, turned around and drove by again and shouted out the window "pay your damn mortgage".

17. The defendants identified themselves as being agents of Green Tree Servicing (Green Tree changed its name to Ditech Financial LLC on August 31, 2015).

18. The plaintiff has young children age 11, 9 and 8.

19. The next time the defendants came to the house was on or about August 11, 2015 (or within a week of this date).

20. The defendants were two different people this time. Mrs. Alker saw them outside the house and asked if she could help them and they replied "I'm just waiting". At that moment the Alkers' phone rang and it was Green Tree calling.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct in that the defendant has had to buy and install no trespassing signs at his home.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(b)(1), in that the defendants failed to identify themselves, or failed to state that the collector was confirming or correcting location information of the Plaintiff, when they began speaking with the defendant and his wife and were discussing the debt with each prior to indicating that they were agents of Green Tree. The defendants did not give any indication that they were agents of Green Tree until they left a small post card size notice with the plaintiff that alluded vaguely that they were associated with

Green Tree. The defendants did not identify themselves until they were leaving the plaintiffs property after they had engaged in collection activity.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(b)(3), in that the defendants contacted the Plaintiff more than once, when they returned to the Plaintiffs home on more than one occasion after having already contacted the plaintiff multiple times on the telephone.

27. The defendants conduct violated failed to state that the collector was confirming or correcting location information of the Plaintiff.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, when they appeared at the plaintiff's home at a time when the plaintiff was there with his wife and young children.

29. The Defendants' conduct violated 15 U.S.C. § 1692(d) in that Defendants engaged in conduct, the natural consequence of which is to harass, oppress, or abuse any person, when they came to the plaintiff's home, and walked up to the plaintiff's door and talked to the plaintiff's wife in a threatening and abusive manner, and without giving any valid reason for being there. The defendants were menacing in their demeanor and were complete strangers to the plaintiff and his wife. When the defendants were told to leave they stated that they didn't have to leave because the defendant owned the property. The plaintiff lives on a cul de sac and rarely does anyone who doesn't know someone on the street visit the street.

30. The Defendants' conduct violated 15 U.S.C. § 1692(d)(2) in that Defendants used profane language or other abusive language, when the defendants stated that the plaintiff should pay his Fu**ing bills. The defendants also violated this section when they intimidated the plaintiff and his wife by telling them that the Defendant has the right to be on the Plaintiff's

property because the Defendant owns the property.

31. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants employed false, deceptive, and misleading representation and means in connection with the debt collection, by telling the plaintiffs that the Defendant owns the plaintiff's property, and that the Defendants have the right to enter the Plaintiff's property in relation to the collection of the debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt, by attempting to convince the Plaintiff and his wife that the Defendant owns the property and as a result the Defendant is allowed to come to the Plaintiff's property and engage in collection activity, and by stating that the defendant's own the property.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF MASSACHUSETTS REGULATION OF BUSINESS PRACTICES FOR CONSUMERS PROTECTION M.G.L. c 93A.

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

36. The Debt arose from a credit transaction for family, household or personal purposes and meets the definition of a "consumer credit transaction" under

37. The Plaintiff is a "consumer" under M.G.L. c. 93, § 24

38. The Defendants are "debt collector[s]", 'servicer", and/or "third party loan servicer" as defined by 940 CMR 7.00 and M.G.L. c. 93, § 24.

39. The Defendants' conduct violated 940 CMR 7.04 and M.G.L. c. 93, § 24 in that

6

Defendants communicated with the debtor, orally by use of profane, obscene when the defendants stated that the plaintiff "should pay his Fucking mortgage".

40. And again when the defendants stated that they "could do whatever they want because they own the property".

41. The Defendants' conduct violated 940 CMR 7.05 and M.G.L. c. 93, § 24 in that Defendants communicated debtor's wife implying the fact of a debt when they yelled that he should pay his mortgage to the plaintiff and his wife, and with their children present.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);and

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Attorneys fees and costs and treble damages (or double damages) pursuant to M.G.L. 93A; and

5. Punitive damages; and

6. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 7, 2016

                                    Respectfully submitted,

                                    Michael Alker

                                    By and through counsel:

                                    <u>/s/ James D. Kelly</u>

                                    James D. Kelly, Esq. (Mass Bar 568489)
                                    Kelly Law PLLC
                                    16 Broad Street
                                    Nashua, NH 03064
                                    (603) 809-4230
                                    (603) 386-6669
                                    kellylawpllc@gmail.com